UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRINA GUTHRIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 10-cv-03180 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Social Security Administration denied plaintiff Samantha Guthrie's application for disability benefits, which Guthrie appealed to this Court. We granted Guthrie's motion and remanded her case for reconsideration. As the prevailing party, Guthrie now seeks attorney's fees under the Equal Access to Justice Act.[1] For the reasons discussed herein, Guthrie's petition for fees is granted.[2]

**I.  BACKGROUND**

On January 8, 2009, a hearing was conducted before Administrative Law Judge ("ALJ") John K. Kraybill, who found that Guthrie was not disabled under the Social Security Act.[3] On February 24, 2010, the Social Security Administration denied Guthrie's appeal request, making the ALJ's ruling the final decision of the Commissioner.[4] Then, Guthrie timely filed a motion seeking a judgment remanding the Commissioner's final decision.[5]

---

[1] *See* 28 U.S.C. § 2412.
[2] Plaintiff's Motion for Fees (dkt. 32).
[3] R. at 156-68.
[4] R. at 5-7; 20 C.F.R. § 404.981; *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007).
[5] Plaintiff's Complaint (dkt. 6).

1

In her motion for summary judgment before this Court, Guthrie argued that the Court should reverse or remand the ALJ's decision because the ALJ erred in: (1) according "reduced weight" to the opinions of Guthrie's treating psychiatrists; (2) failing to properly address the opinion of her therapist (3) determining that Guthrie did not suffer a listing-level impairment; and (4) finding that Guthrie was not wholly credible. Guthrie also argued that her case should be remanded due to new and material evidence.

We agreed with Guthrie that the ALJ accorded reduced weight to the opinion of treating psychiatrist, Artur Sadowski, M.D., without a proper basis, made factual errors in the description of the evidence, and performed a "perfunctory analysis" of the evidence bearing on listing criteria. Additionally, we held that a suicide attempt occurring less than one month after the ALJ's decision could be material to Guthrie's condition at the time the ALJ made his determination. Regarding the evaluation of Guthrie's credibility and the opinions of Alexsander Kondic, M.D., and mental health counselor, Pamela Lambur, we disagreed with Guthrie, and we determined that the ALJ did not commit error. Guthrie has now filed a petition seeking an award of attorney's fees in the total amount of $6,685.60.

## II. ANALYSIS

Under the Equal Access to Justice Act, a party who sues the federal government is entitled to an award of fees if the party was the prevailing party, the government's position was not substantially justified, there are no special circumstances that would make an award unjust, and the prevailing party's application for fees was timely filed.[6] The Commissioner bears the burden of demonstrating that its position was substantially justified.[7] To meet that burden, the Commissioner

---

[6] 28 U.S.C. § 2412(d)(1)(A); *Comm'r, Ins. v. Jean,* 496 U.S. 154, 158 (1990).
[7] *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996).

must show that his position had each of the following: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded.[8] A position at odds with legal precedent and the Commissioner's own rulings is not substantially justified.[9] Although the Court will look to both the government's pre-litigation conduct (such as the ALJ's decision) and litigation position, it will "make only one determination for the entire civil action."[10]

The Commissioner does not dispute that Guthrie was the prevailing party, that Guthrie's application for fees was timely filed, or that no special circumstances would make an award of fees unjust. Therefore, the focus is solely on whether the Commissioner has met its burden of showing that its positions – both as expressed by the ALJ in the administrative proceeding and by the government's counsel before this court – were substantially justified.

The Commissioner advances five arguments. The Commissioner first argues that because we agreed with some of the arguments raised by the Commissioner, its entire position was substantially justified, warranting a denial of fees. Second, the Commissioner concedes that the ALJ applied the incorrect GAF score, but asserts that had the ALJ applied the correct one, the ultimate finding on disability still would be the same. Third, the Commissioner also concedes that the ALJ misstated the psychiatrist's report regarding Guthrie's need for therapy, but claims the error to be inconsequential. Fourth, the Commissioner again concedes that the ALJ's listing analysis was not supported by substantial evidence, but somehow claims that it was not so deficient as to warrant an award of EAJA fees. The Commissioner's final argument is that because the evidence of Guthrie's

---

[8] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).
[9] *See Golembiewski v. Barnhart*, 382 F.3d 721, 725 (7th Cir. 2004).
[10] *Id.*

3

attempted suicide came after the ALJ's decision, it was not relevant to Guthrie's condition at the time of the hearing.

**A.      Guthrie did not need to succeed on every argument to be entitled to attorney's fees.**

The Commissioner argues that because we agreed with some of the arguments raised by the Commissioner, its entire position was substantially justified warranting a denial of fees. A plaintiff need not succeed on every argument to be entitled to fees.[11] If "arguments that do not contribute to a plaintiff's ultimate success were not eligible for compensation for that reason alone, then the attorneys might be discouraged from raising novel but reasonable arguments in support of their client's claims and a disincentive for strong advocacy could result."[12] The fact that we agreed with some of the Commissioner's arguments, therefore, does not translate into a denial of the claimant's motion for fees.

**B.      The ALJ misstated facts and failed to provide good reasoning for rejecting an examining physician's opinion.**

We found that the ALJ relied on misstated facts and failed to provide a good reason not to give Dr. Sadowski's opinion controlling weight. A treating physician will be given "controlling weight," unless the ALJ provides "good reasoning" for failing to do so.[13] The ALJ found that Dr. Sadowski's mental residual functional capacity ("RFC") assessment was "internally inconsistent," because the assessment indicated that Guthrie was "severely restricted," but noted that Guthrie had a GAF score of 70, "which indicates mild symptoms and the ability to function pretty well."[14] Our review of the record found, however, that Dr. Sadowski had actually given Guthrie a GAF score of

---

[11] *See, e.g., Hackett v. Barnhart*, 475 F.3d 1166, 1174 n.1 (10th Cir. 2007); *Lennard v. Argento*, 808 F.2d 1242, 1246 (7th Cir. 1987).
[12] *Jaffee v. Redmond*, 142 F.3d 409, 416-17 (7th Cir. 1998).
[13] 20 C.F.R. § 404.1527(d)(1); SSR 96-2p.
[14] R. at 165.

4

55. The ALJ only accorded "reduced weight" to Dr. Sadowski's opinion because of the incorrect belief that Dr. Sadowski had assigned a current GAF score of 70. We remanded because of that error. We fail to see how the Commissioner can now argue that his position has a "reasonable basis in truth for the facts alleged" – the required standard when assessing a motion for fees – when the Commissioner admits that the ALJ had it wrong.[15] It should also be noted that the Commissioner only now concedes to the ALJ's error, but did not do so when briefing the response for Guthrie's motion for summary judgment. This further supports Guthrie's argument that the Commissioner's position was not substantially justified.

C.  **The ALJ relied on and misstated the findings of Bhargavi Devineni, M.D.**

As noted by Guthrie, the "burden of proof is on the Government to prove it is 'substantially justified' in law and fact at both the administrative and court stages of adjudication."[16] In addition, "even if an agency's legal argument is perfect . . ., the agency may still be liable for costs, fees and expenses under the EAJA if the agency has knowledge that the presumed facts supporting its position are without merit."[17] Here, the ALJ stated that Dr. Devineni concluded that Guthrie "does not need therapy to learn relaxation techniques" when, in fact, Dr. Devineni stated that Guthrie "does need therapy to learn relaxation techniques and would benefit from [cognitive behavior therapy] for panic disorder."[18] This serves as another example where there was not a reasonable basis in truth for the facts alleged by the ALJ.

D.  **The ALJ relied on an unsigned report and performed a perfunctory listing analysis.**

---

[15] *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).
[16] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[17] *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000) (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).
[18] R. at 499.

The ALJ failed to thoroughly evaluate whether Guthrie met the required impairments for disability because the ALJ relied on an unsigned report attributed to non-examining psychologist, Donald Cochran, Ph. D.[19] We found that reliance on an unsigned form is contrary to the Commissioner's own internal policy requiring an "actual, physical signature," because a typed name "on an electronic message or worksheet is not considered a true signature."[20] We also noted that an "unsigned or improperly signed" examination report may not be used to deny benefits.[21] Without Dr. Cochran's report, the ALJ and the Commissioner could only rely on the testimony of nonexamining medical expert, Kathleen M. O'Brien, Ph. D.  But we found that the ALJ only expressly adopted Dr. O'Brien's conclusion regarding one of the four paragraph B criteria. And the Commissioner admits that the ALJ's listing analysis was "not supported by substantial evidence." This is, again, support for awarding fees.

E.  **The Commissioner failed to consider material evidence concerning Guthrie's disability claim.**

The Commissioner also failed to consider Guthrie's suicide attempt, which occurred less than a month after the ALJ's decision, to be material to his decision. Evidence is considered "material" if there is a "reasonable probability" that the ALJ would have reached a different conclusion had he considered that evidence.[22] Given Guthrie's documented history of chronic anxiety and depression, we found that a suicide attempt less than one month after the ALJ's decision could be material to Guthrie's condition at the time the ALJ made his determination. The Commissioner provided no reason for the position that Guthrie's attempted suicide was mmaterial to Guthrie's condition at or

---

[19] *See Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006).
[20] Procedural Operations Manual § DI 26510.089(B)(4); *see also Terry v. Astrue*, 580 F.3d 471, 476 (7th Cir. 2009).
[21] 20 C.F.R. § 404.1519o.
[22] *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1996).

6

before the time of the administrative hearing.

### III. CONCLUSION

The Commissioner defends the ALJ's position even though "the ALJ erred in discounting Dr. Sadowski's opinion, made some factual misstatements, and performed an inadequate listing analysis."[23] As detailed above, because of these errors, the Commissioner's position was not substantially justified. The Commissioner did not object to the reasonableness of the fees sought. Guthrie's petition for fees is, therefore, granted in the amount of $6,685.60.

**IT IS SO ORDERED.**

DATE: February 7, 2012

Susan E. Cox
U.S. Magistrate Judge

---

[23] Def's Resp., 4.